**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**KEITH M. MOORE,**
**et al.,**

        **Plaintiffs,**        **CIVIL ACTION NO. 12-CV-12540**

  **vs.**

                                  **DISTRICT JUDGE NANCY G. EDMUNDS**

**CITIMORTGAGE, INC.**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**and MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, INC.,**

        **Defendants.**
_____/

**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOCKET NO. 17) AND TERMINATING DEFENDANTS' SECOND MOTION TO STRIKE PLAINTIFFS' IMPROPERLY FILED AMENDED COMPLAINT (DOCKET NO. 25)**

This matter comes before the Court on Plaintiffs' motion for leave to file an amended complaint. (Docket no. 17). Defendants filed a response. (Docket no. 23). Defendants also filed a motion to strike Plaintiffs' improperly filed amended complaint. (Docket no. 25). All pretrial matters have been referred to the undersigned for action. (Docket no. 4). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiffs Keith and Kimberly Moore filed a pro se complaint against Defendants CitiMortgage and Mortgage Electronic Registration Systems, Inc. (MERS) in Wayne County Circuit Court on May 14, 2012. Defendants removed the complaint on June 12, 2012. The complaint seeks to quiet title and purports to raise claims for violation of the Fair Debt Collection Practices Act, the

1

Real Estate Settlement Procedures Act, the Real Estate Mortgage Investment Conduit (REMIC) laws, the Uniform Commercial Code, fraud, and unjust enrichment. (Docket no. 1). On June 19, 2012 Defendants filed a motion to dismiss. (Docket no. 3). After the motion to dismiss was fully briefed, counsel filed an appearance on behalf of Plaintiffs. (Docket no. 15). A status conference was scheduled for November 19, 2012 but Plaintiffs' counsel failed to appear. (Docket no. 16). The Court then ordered Plaintiffs to file an amended response to Defendants' motion to dismiss and a motion for leave to file an amended complaint by December 3, 2012.

Plaintiffs filed their motion for leave to file an amended complaint on November 30, 2012. Pursuant to E.D. Mich. LR 15.1, "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion." Plaintiffs failed to attach a copy of their proposed amended complaint to the motion as required by the local rule. (Docket no. 17). Nevertheless, Plaintiffs did file an amended complaint approximately five days after they filed the motion for leave to amend. (Docket no. 18). This prompted Defendants to file a motion to strike Plaintiffs' improperly filed amended complaint. (Docket no. 25). Plaintiffs responded to the motion to strike by filing a stipulation stating that the parties agreed that Plaintiffs' amended complaint at docket no. 18 should be construed as a proposed amended complaint filed as an exhibit to Plaintiffs' motion for leave. (Docket no. 26). Defendants then filed an objection to the stipulation, claiming that Plaintiffs' counsel signed the stipulation on behalf of defense counsel without defense counsel's consent. (Docket no. 27).

The Court has considered the parties' arguments with respect to Defendants' motion to strike and concludes that it will construe the amended complaint filed at docket no. 18 as a proposed amended complaint filed as an exhibit to Plaintiffs' motion for leave to file an amended complaint.

Accordingly, the Court will terminate Defendants' motion to strike Plaintiffs' improperly filed amended complaint. (Docket no. 25). The Court will also strike the stipulation filed by Plaintiffs' counsel at docket no. 26, and cautions Plaintiffs' counsel that under no circumstances do the Federal Rules of Civil Procedure allow an attorney to sign stipulations or other documents on behalf of opposing counsel without opposing counsel's express approval. The Court will issue sanctions in the future against any party engaging in such behavior.

Federal Rule of Civil Procedure 15(a) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A),(B). Otherwise "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The decision whether to grant a motion to amend is within the sound discretion of the court. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). The court may deny the motion if there has been unreasonable delay, lack of notice, bad faith, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility. *Id.* "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted).

Defendants argue that Plaintiffs' proposed amended complaint is futile because it fails to plead facts that set forth the elements of any cause of action and makes accusations that are not directed against the named Defendants. (Docket no. 23). To be sure the factual allegations set forth

3

by Plaintiffs' counsel in the proposed amended complaint are sparse. Plaintiffs allege that they executed a promissory note and granted a mortgage in favor of MERS as nominee for the lender, CitiMortgage, on May 26, 2009. (Docket no. 18 at ¶¶ 47, 61, 100). They claim to have taken title to the property by warranty deed. (Docket no. 18 at ¶ 48). Plaintiffs also claim that they applied for a loan modification and are currently seeking to modify their loan. (Docket no. 18 at ¶ 119). Plaintiffs allege that the most recent assignment was from MERS to Wells Fargo and this assignment occurred prior to a threatened foreclosure. (Docket no. 18 at ¶ 120). In addition, Plaintiffs state that Wells Fargo is "the foreclosing party" and allege that Marcy Ford of Trott & Trott executed a mortgage assignment on behalf of Wells Fargo Bank in anticipation of a foreclosure action. (Docket no. 18 at ¶¶ 130, 153, 167). Finally, Plaintiffs allege that Wells Fargo purports to hold title to the property. (Docket no. 18 at ¶¶ 154, 208).

Count I of the proposed amended complaint purports to state a claim for violation of the Michigan Elliott-Larsen Civil Rights Act, and alleges that Defendant CitiMortgage's "business conduct and racial animus den[ied] [Plaintiffs'] the full benefits and equal access to mortgages and loan money." (Docket no. 18 at ¶ 63). Plaintiffs allege that they were discriminated against when Defendant CitiMortgage steered them into an illegal and predatory higher cost subprime loan. (Docket no. 18 at ¶ 65). They further state that Defendant CitiMortgage's "wrongful acts, including the racial discrimination against the [Plaintiffs] who were both qualified African-American borrowers were charged more than white borrowers with a similar credit profile and income." (Docket no. 18 at ¶ 64).

It is well-established that a complaint containing assertions that merely create a suspicion of a legally cognizable claim can not survive a Rule 12(b)(6) motion. *Bishop v. Lucent Tech., Inc.*,

4

520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Id.* (citation omitted). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Plaintiffs allege that they were discriminated against by Defendant CitiMortgage without alleging any facts to support their claim. Indeed, with regard to CitiMortgage, Plaintiffs' factual assertions only state that they executed a promissory note and granted a mortgage in favor of MERS as nominee for the lender, CitiMortgage, on May 26, 2009. Plaintiffs' bare bones factual allegations fail to set forth facts sufficient to make out a plausible claim for relief under the Michigan Elliott-Larsen Civil Rights Act.

The Court reaches a similar conclusion with respect to Count III (Michigan Consumer Protection Act), Count IV (Slander of Title), and Count VI (Fraud) of the proposed amended complaint. In these counts Plaintiffs recite pages of conclusory statements of alleged wrongdoing with no factual allegations to support the claims. The Court need not accept a complaint's allegations as true if the allegations consist of "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009) (citation omitted). Furthermore, to the extent Plaintiffs argue that MERS lacked the authority to foreclose by advertisement and thus could not assign such authority to other entities, such a claim is without merit and any attempt to amend the complaint to state such a claim is futile. *See Residential Funding Co., LLC v. Saurman*, 805 N.W.2d 183 (Mich. 2011).

Next, Count II (Abuse by Lender) alleges wrongful acts of racial discrimination by a nonparty credit union against nonparty plaintiffs, "the Bells." (Docket no. 18 at ¶¶ 72, 75, 76, 77).

Count V (Wrongful Foreclosure) asserts that Plaintiffs were injured as a result of nonparty Wells Fargo's wrongful foreclosure action. Count VII (Quiet Title) seeks to quiet title, claiming that nonparty Wells Fargo purports to hold title to the land. Similarly, Count VIII (Truth in Lending Act) also appears to assert a claim against nonparty Wells Fargo. CitiMortgage and MERS are the sole Defendants named in the proposed amended complaint. Since Counts II, V, VII, and VIII purport to assert claims against nonparties, or seek compensation for injury caused to a nonparty, amendment of the complaint to assert these claims is futile.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for leave to file an amended complaint (docket no. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' second motion to strike Plaintiffs' improperly filed amended complaint (docket no. 25) is terminated for the reasons stated in this order.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 21, 2012              s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: December 20, 2012         s/ Lisa C. Bartlett
                                                  Case Manager