UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH M. MOORE,
et al.,

       Plaintiffs,                     CIVIL ACTION NO. 12-CV-12540

vs.

                                        DISTRICT JUDGE NANCY G. EDMUNDS

CITIMORTGAGE, INC.                    MAGISTRATE JUDGE MONA K. MAJZOUB
and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that Defendants' motion to dismiss (docket no. 3) be **GRANTED**.

**II.**    **REPORT:**

        This matter comes before the Court on Defendants' motion to dismiss Plaintiffs' complaint. (Docket no. 3). Plaintiffs filed a response. (Docket no. 6). Defendants filed a reply. (Docket no. 7). All pretrial matters have been referred to the undersigned for action. (Docket no. 4). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The motion is now ready for ruling.

**A.**    **Procedural Background**

        Plaintiffs Keith and Kimberly Moore filed a pro se complaint against Defendants CitiMortgage and Mortgage Electronic Registration Systems, Inc. (MERS) in Wayne County Circuit

1

Court on May 14, 2012. Defendants removed the complaint on June 12, 2012. The complaint seeks to quiet title and purports to raise claims for violation of the Fair Debt Collection Practices Act (FDCPA), the Fair Credit Reporting Act (FCRA), the Real Estate Settlement Procedures Act (RESPA), the Real Estate Mortgage Investment Conduit (REMIC) laws, the Uniform Commercial Code (U.C.C.), the Servicer Performance Agreement, violation of Mich. Comp. Laws § 600.2109, fraud, and unjust enrichment. (Docket no. 1). On June 19, 2012 Defendants filed the instant motion to dismiss. (Docket no. 3). After the motion was fully briefed counsel first appeared in this lawsuit on behalf of Plaintiffs. (Docket no. 15). A status conference was scheduled for November 19, 2012 but Plaintiffs' counsel failed to appear. (Docket no. 16). The Court then ordered Plaintiffs to file an amended response to Defendants' motion to dismiss and a motion for leave to file an amended complaint by December 3, 2012. Plaintiffs filed their motion for leave to file an amended complaint on November 30, 2012, which the Court later denied for futility. However, Plaintiffs did not file an amended response to the motion to dismiss as they were ordered to do by the Court. The time for filing an amended response has expired and the Court is ready to rule on the motion to dismiss.

     Plaintiffs allege in their complaint that they initiated an investigation after Defendants failed to validate their debt and "discovered certain bogus instruments which purported to divest Plaintiff of all interest in the subject property by way of Silent Fraud, Securities Fraud and the creation of a Blind Money Pool...." (Complaint at ¶ 7). The complaint lists four documents that Plaintiffs claim are fraudulent and alleges that the "assignment is fraudulent" and therefore void as a matter of law. (Complaint at ¶¶ 10-14). Plaintiffs ask the Court to extinguish any interests Defendants may hold in the subject property, return the property to Plaintiffs, and award them $251,450 for defending the fraudulent action.

**B.     Standard**

Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). When determining a motion under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). To survive a Rule 12(b)(6) motion to dismiss "the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted). Although the court is obligated to take all factual allegations in the complaint as true, it is not bound to accept as true legal conclusions that are masquerading as factual allegations. *Id.* "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

**C.     Analysis**

Plaintiffs attached to their complaint a copy of a Warranty Deed that shows that on July 12, 2001 D'Orazio Contracting Corporation conveyed to Plaintiffs real property located at 47476 Bentley in Belleville, Michigan for the sum of two hundred fifty-one thousand four hundred fifty dollars ($251,450). (Complaint at ex. A). The deed was recorded on October 4, 2001. Plaintiffs also attached a copy of an Assignment Deed of Trust dated July 12, 2001 which purports to assign all of Home Finance of America's interest in the July 12, 2001 note and deed of trust associated with

3

the Belleville property to the Ohio Savings Bank. (Complaint at ex. B). The Assignment was recorded on October 4, 2001. Next, Plaintiffs attached a Discharge of Mortgage from Ohio Savings Bank showing that the Bank discharged the July 12, 2001 mortgage and accompanying note on December 11, 2002. (Complaint at ex. C). Plaintiffs also attached a May 19, 2009 discharge signed on behalf of J.P. Morgan Chase Bank, N.A. which discharged a February 2006 mortgage, and a July 2009 discharge signed on behalf of CitiMortgage, Inc. as successor in interest by merger to ABN AMRO Mortgage Group. Inc., discharging a November 2002 mortgage. (Complaint, ex. D, E).

In support of their motion to dismiss, Defendants submitted copies of two mortgages. The first mortgage is between Plaintiffs and Home Finance of America as mortgagee with a date of July 12, 2001. The mortgage was granted as security for a loan Plaintiffs obtained from Home Finance of America in the amount of one hundred thirty one thousand four hundred dollars ($131,400) in connection with the Belleville property. (Docket no. 3, ex. 2). The second mortgage dated May 26, 2009 grants a mortgage interest in the Belleville property to MERS, as nominee for lender America's Premiere Mortgage, as security for a loan Plaintiffs obtained from America's Premier Mortgage in the amount of one hundred twelve thousand five hundred dollars ($112,500). (Docket no. 3, ex. 1). Because the two mortgages are either referred to in the complaint or are central to Plaintiffs' claims, the Court can review the documents without converting Defendants' motion to dismiss into one for summary judgment under Federal Rule of Civil Procedure 56. *Greenburg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (citation omitted).

Plaintiffs state that the Assignment of Deed of Trust is fraudulent because "Plaintiffs never authorized Home Finance of America as Trustee with an incomplete signature also legal information, by an A.V.P." (Complaint at ¶ 10). Plaintiffs further allege that this document is an

4

example of "money laundering a financial transaction in order to conceal the identity, source, and/or destination of illegally" gained money. (Complaint at ¶ 10). Next, Plaintiffs allege that the mortgage discharge filed by Ohio Savings Bank on December 11, 2002 is fraudulent because it was signed by "known robo-signer" Chris Jones as Vice President. (Complaint at ¶ 11). Plaintiffs contend that the mortgage discharge signed on behalf of J.P. Morgan Chase Bank on May 19, 2009 is fraudulent because the notary public disclosed that she has a lifetime commission, which Plaintiffs contend is a lie. They also claim that this discharge is an example of money laundering. (Complaint at ¶ 12). Plaintiffs contend that the CitiMortgage discharge is fraudulent because it is signed by robo-signer Salatchi Souppaya as Vice President of CitiMortgage, and notarized with a fraudulent seal by Terri Sheffler of Verdugo Trustee Service Corp. Plaintiffs contend that Verdugo Trustee Service Corp. has been involved as a robo mill engaging in money laundering. (Complaint at ¶ 13). Next, Plaintiffs contend that the Assignment is fraudulent and therefore void because everything that came before it is tainted with fraud. (Complaint at ¶ 14).

Plaintiffs have failed to state any plausible claim that any of the documents they cite are fraudulent. Moreover, Plaintiffs lack standing to challenge the assignments. *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, L.L.C.*, 399 Fed. Appx. 97, 102 (6th Cir. 2010). It is well established that Plaintiffs do not have standing to "go beyond the statutory requirements [of foreclosure by advertisement] to inspect each and every aspect of every contract or agreement between any predecessor and successor mortgagee, searching for 'irregularities' and noncompliance...." *Stafford v. Mortg. Elec. Registration Sys., Inc.*, No. 12-10798, 2012 WL 1564701, at *2 (E.D. Mich. May 2, 2012).

Furthermore, Plaintiffs have not set forth sufficient facts to state viable claims for relief under any of their other various theories, including those of fraud, unjust enrichment, violation of a Servicer Performance Agreement, violation of REMIC laws, violation of Mich. Comp. Laws § 600.2109, the FCRA, the FDCPA, RESPA, or the U.C.C.  Plaintiff's claims are nonsensical and are stated in a conclusory fashion without factual allegations to support their conclusions.  The undersigned recommends that Defendants' motion to dismiss (docket no. 3) be **GRANTED**.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: January 2, 2013                s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE



### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.


Dated: January 2, 2013                s/ Lisa C. Bartlett
                                      Case Manager